**SO ORDERED.**

**SIGNED this 26 day of January, 2010.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

| | |
|---|---|
| **MILLWORK SPECIALTIES, INC.,** | **CHAPTER 11** |
| | **CASE NUMBER:  09-07010-8-RDD** |
| Debtor | |
| | |
| **WACCAMAW BANK,** | **ADVERSARY PROCEEDING** |
| | **NUMBER: 09-00186-8-RDD** |
| Plaintiff | |
| v. | |
| **MILLWORK SPECIALTIES, INC.,** | |
| **RED HILL PROPERTIES, LLC** | |
| **RUSSELL K. WORLEY,** | |
| **MONICA A. WORLEY,** | |
| | |
| Defendants | |
| v. | |
| **GEOFFREY HOPKINS,** | |
| **JIM GRAHAM,** | |
| | |
| Counterclaim Defendants | |

**ORDER GRANTING MOTION FOR TRIAL BY JURY**

Pending before the Court is the Motion to Withdraw Adversary Proceeding to the United States District Court filed by Millwork Specialties, Inc. ("Millwork"), Red Hill Properties, LLC ("Red Hill"), Russell K. Worley, and Monica A.Worley on October 9, 2009 (the "Motion")[1] and the Plaintiff's Response in Opposition to Defendant's Motion to Withdraw Adversary Proceeding to the United States District Court filed by Waccamaw Bank ("Bank") on October 27, 2009 (the "Objection"). The Court conducted a hearing on December 2, 2009 in Wilson, North Carolina to consider the Motion and Objection.

The Defendants' Motion requests that the Court withdraw from this adversary proceeding and refer the matters to the United States District Court for a trial by jury. The Defendants assert that they are entitled to a jury trial, as a matter of law, on the basis that the claims asserted in their counterclaims are legal in nature; the claims involve the private rights of the Defendants; the Defendants timely requested a jury trial; and the Defendants have neither waived nor forfeited their right to have the case heard by a jury. *Motion, ¶ 4.*

The Bank argues that the Defendants are not entitled to withdraw this proceeding to the United States District Court for the Eastern District of North Carolina. The Bank argues that the issues in this adversary proceeding are core proceedings subject to the jurisdiction of the Bankruptcy Court since the underlying claims of the Bank are related to the allowance or disallowance of claims and the counterclaims asserted by the Defendant's in essence seek the disallowance of the claims

---

[1] On November 30, 2009, Millwork, Red Hill, Russell K. Worley, and Monica A.Worley (collectively, the "Defendants") filed a Memorandum of Law in Support of Motion to Withdraw Adversary Proceeding to United States District Court (the "Memorandum").

filed by the Bank. The Bank recognizes the Court's discretion to withdraw from a case even when the causes of actions between the parties are core. However, the Bank argues that a withdrawal would neither promote judicial economy nor be an efficient use of judicial resources based on the procedural posture of this case. The Bank contends that Millwork and Red Hill submitted to the jurisdiction of this Court upon the filing of their voluntary petitions and that now, the Defendants are attempting to forum shop by trying to transfer this case to the District Court.

Furthermore, the Bank argues that the actions involving it and the Defendant involve the same transaction and Millwork and Red Hill are integral parts of those transactions. As debtors, Millwork and Red Hill, waive their rights to a jury trial for issues involving the validity of a creditor's claim. Therefore, the Bank concludes that even though the counterclaims may seek monetary damages, the essence of those claims attempts to invalidate the claims asserted by the Bank in the bankruptcy proceedings. As such, the Bank argues since the counterclaims arise out of the same transaction as the Bank's claims, the Bankruptcy Court may retain jurisdiction and conduct a trial without a jury.

In the alternative, the Bank requests that should the Court determine that the Defendants are entitled to a jury trial in the District Court, that this Court delay its withdrawal and supervise all discovery matters, conduct pre-trial conferences, and handle all other matters leading up to the jury trial itself.

In its Memorandum, the Defendants dispute the Bank's position arguing that the Bank's removal of this case to the Bankruptcy Court does not deprive the Defendants of a right to a jury trial.[2] The Defendants contend a bankruptcy court should not deny a party a right to a trial when legal issues and remedies are claimed. They argue that their counterclaims are not an equitable dispute over the allowance of the Bank's claims but that instead, each of the Defendants is seeking monetary damages under the laws of the State of North Carolina. The Defendants claim that should they prevail on their claims, the bankruptcy estates of Red Hill and Millwork will be enhanced if Plaintiffs are successful and obtain a judgment for monetary damages. Furthermore, the Defendants point out that two non-debtor defendants are involved in this proceeding and neither have filed proofs of claim against Millwork or Red Hill. Since the counterclaims are legal issues and the Defendants are seeking remedies at law, the Defendants contend the matters in this proceeding should be decided by a jury.

## DISCUSSION

Under the Seventh Amendment, a litigant's right to a jury trial exists "only if the cause of action is legal and involves a matter of 'private right.'" *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 n. 4 (1989). To determine if a cause of action is legal, a court should consider the statutory cause of action to a comparable action from the 18th century in the courts of England and determine whether such action was originally a claim in equity or at law. *Id.* at 42. Furthermore, a court should consider whether the remedy sought is legal or equitable. *Angell v. Babb*, Adversary Pro.

---

[2]Prior to the filing of the voluntary petitions by Millworks and Red Hill, the Bank filed a civil action in the Superior Court of New Hanover County seeking an Ex Parte Temporary Restraining Order. Upon the filing of the bankruptcies, the Bank removed the civil action to this Court.

4

No. L-07-0056-AP (J. Leonard) (Bankr. E.D.N.C. September 4, 2007) (citing *Granfinanciera*, 492 U.S. at 42). In the bankruptcy context, claims must be legal rights that seek legal remedies and the claims must not fall within the context of the claims allowance process. *Granfinanciera*, 492 U.S. 33. Therefore, to determine if the Defendants are entitled to trial by jury, the Court must examine the counterclaims they have asserted.

The Defendants raise eight counterclaims: (1) unfair and deceptive trade practice claims; (2) breach of contract; (3) negligent misrepresentation; (4) fraud; (5) breach of fiduciary duty of good faith and due care; (6) constructive trust; (7) negligence; and (8) rescission. Under the first prong of the *Granfinanciera* test, the Court must determine if these claims are legal or equitable claims. *OHC Liquidating Trust v. Credit Suisse* (*In re Oakwood Homes*, *Corp.),* 378 B.R. 59 (Bankr. Del. 2007). Similar to the facts of *Oakwood*, a majority of the counterclaims are legal in nature. *Id*. Essentially, the counterclaims asserted by the Defendants are lender liability claims based in state law causes of action which could have been asserted by the Defendants in the state court. The fact that the rescission and breach of fiduciary duty claims are historically equitable rights does not require that the Defendants be denied a jury trial based on the fact that both legal and equitable claims arise out of the same set of facts. *Official Comm. of Unsecured Creditors, on behalf of the estate of Stansbury Poplar Place, Inc. v. Schwartzman,* 125 F.3d 122, 125 (4th Cir. 1993); *Oakwood,* 378 B.R. at 65-66. Therefore, even though the Defendants assert several equitable claims, they are entitled to a jury trial as to the legal claims. *Oakwood,* 378 B.R. at 67.

The second prong of the *Granfinanciera* test requires the court to consider the remedies sought by the Defendants. Of the eight counterclaims, six counts seek monetary damages, including

one that requests treble damages and attorneys fees. The constructive trust claim seeks monetary damages. Historically, a court would grant equitable relief in connection with a successful constructive trust claim. With respect to the rescission claim, the Defendants seek rescission of the contracts with the Bank, which is an equitable remedy. The court in *Oakwood* considered a complaint where the remedies sought were both legal and equitable. *Oakwood,* 378 B.R. at 68. The court determined that it "must weigh the claims against the relief sought, with more weight on the latter, and determine if the Plaintiff has a right to a jury trial." *Id.* In this case, the balancing of the first two prongs of the *Granfinanciera* test, the majority of claims and the forms of relief sought by the Defendants are legal which weighs in favor of the Defendants having the right to a jury trial.

In the last step in the *Granfinanciera* analysis, a court must consider whether or not the claims are part of the claims allowance process established by the Bankruptcy Code and if such claims affect the allowance of a creditor's claim. *Oakwood,* 378 B.R. at 69. Although these matters are core matters within the context of a bankruptcy case under 28 U.S.C. § 157(b)(2)(C), that determination does not deprive a party of the Seventh Amendment right to a jury trial. *Granfinanciera*, 492 U.S. at 61. However, if the claims asserted by the Defendants are merely part of the claims allowance process, there is no right to a jury trial just "'because [the] claim has been converted from a legal one into an equitable dispute over a share of the estate.'" *Oakwood,* 378 B.R. at 69 (quoting *Billing v. Ravin, Greenberg & Zackin, P.A.* 22 F.3d 1242, 1253 (3rd Cir. 1994)).

The counterclaims filed against the Bank in this action are not part of the claims allowance process. As was the case in *Oakwood*, if Millwork and Red Hill are successful, the size of the estate would be augmented. A cause of action which would increase a debtor's estate but which has no effect as to the allowance or disallowance of a specific creditor's claim is not part of the claims

allowance process. *Oakwood,* 378 B.R. at 69-70. Based upon the counterclaims alleged, which more or less relate to the failure of the Bank to approve additional loans, i.e. a lender liability claim, if the Defendants do not prevail on the counterclaims, the claim filed by the Bank may not be impacted.

With respect to the individuals, should Russell K. Worley or Monica Worley prevail on the counterclaims, the individuals would recover monetary damages from the Bank without any recovery for the bankruptcy estates. And, if they were to unable to establish liability on the part of the Bank based on the counterclaims, the result would also not have any impact on the original amount of the proof of claim filed by the Bank. Since the success or failure of the counterclaims filed by the Defendants in this proceeding would not impact the allowance or disallowance of the Bank's claim, the right to a jury trial therefore attaches.

Although the Bank has waived its right to a jury trial by filing a proof of claim in the bankruptcy court and the third-party defendants, Geoffrey Hopkins and Jim Graham, have not requested a jury trial in their pleadings, Russell K. Worley and Monica A. Worley are not similarly situated. Mr. and Mrs. Worley have not filed a proofs of claim in either the Millwork or the Red Hill bankruptcy cases and have timely requested a jury trial. Therefore, all of the Defendants are entitled to a jury trial with respect to the counterclaims.

Pursuant to 28 U.S.C. § 157(e), a bankruptcy judge may conduct a jury trial if the District Court specifically grants it jurisdiction to conduct a jury trial with the express consent of all parties. The Court recalls that at the hearing, counsel consented to a jury trial by a bankruptcy judge if the Bankruptcy Court determines that the Defendants were entitled to a trial by jury. However, these parties have not filed any such pleading documenting their consent. Therefore, should the parties still desire to consent to a bankruptcy judge presiding over a jury trial in this adversary proceeding,

7

the parties shall file a joint stipulation of consent by March 1, 2010.[3] Otherwise, if the parties fail to file a stipulation agreeing to a jury trial by a bankruptcy court judge, this Court shall retain this case for all pretrial matters but will refer this matter to the United States District Court for the Eastern District of North Carolina for trial by jury.

**SO ORDERED.**

**END OF DOCUMENT**

---

[3]Should the parties stipulate to a bankruptcy judge presiding at the jury trial, the Court will specifically request that the United States District Court for the Eastern District of North Carolina designate the exercise of such jurisdiction to permit the Bankruptcy Court to conduct a jury trial. Such request shall be consistent with 28 U.S.C. § 157(e).